Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7314 | **DATE** | November 18, 2010 |
| **CASE TITLE** | Brian Trainauskas (#2009-0000707) vs. Warden Michael O'Leary, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $33.41 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Will County Adult Detention Facility. The Clerk is directed to issue summonses for service on Defendants by the U.S. Marshal. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, a pretrial detainee in the custody of the Will County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, jail officials, have violated Plaintiff's First Amendment rights by infringing on his religious exercise and his freedom of speech. More specifically, Plaintiff alleges that Defendants have wrongfully denied him religious and educational materials that have been sent to him from legitimate publishers. Plaintiff additionally contends that he was discharged from his inmate job assignment in retaliation for filing grievances concerning the rejected publications.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $33.41. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the even of his transfer to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable federal causes of action against the Defendants. Prison regulations that restrict inmates' constitutional rights are valid only if they are reasonably related to legitimate penological interests. *Singer v. Raemisch*, 593 F.3d 529, 534 (7th Cir. 2010); *Turner v. Safley*, 482 U.S. 78, 107 (1987). Moreover, the Religious Land Use and Institutionalized Persons Act (RLUIPA) "prohibits prisons that receive federal funds from imposing a substantial burden on a prisoner's religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means." *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009), *citing* 42 U.S.C. § 2000cc-1(a); *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008). Furthermore, a prisoner is entitled to avail himself of the prison grievance process without fear of recrimination, and if prison officials retaliate, they violate the First Amendment. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

The Clerk shall issue summonses forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, the Will County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.